UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL No.
09-10393-NMG

UNITED STATES OF AMERICA

v.

MANUEL SANTIAGO, CARLOS SANTANA, MANUEL PORTELL-GONZALEZ,
OMAR A. CASTRO, CESAR HERNANDEZ, LUIS MIGUEL BAEZ,
FELIX RODRIGUEZ COLON, JORGE RAFAEL RIVERA-LOZADA,
FNU LUN a/k/a "ANGIE," JEAN CARLO VIERA-RODRIGUEZ and ANGELA ORTIZ

## INTERIM STATUS REPORT

June 9, 2010

DEIN, M.J.

An Interim Status Conference was held before this court on Wednesday June 9, 2010 pursuant to the provisions of Local Rule 116.5(A). Based on that conference, this court enters the following report and orders, to wit:

1. The government has recently produced a large amount of discovery, including transcripts of a number of wiretaps which are in Spanish. The defendants are reviewing this material. The date by which the defendants may request additional discovery will be set at the next status conference.

2. The defendants will determine whether to request discovery about expert witnesses at the next status conference.

3. The date for filing discovery and/or dispositive motions shall be set at the next status conference.

4. In this court's view, this is not a case involving unusual or complex issues for which an early joint conference of the district judge and the magistrate judge with counsel of record would be useful.

5. In this court's view, this is not a case involving features which would warrant special attention or modification of the standard schedule, except as provided herein.

6. It is too early to determine whether a trial is likely to occur.

7. This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) and Section 7(b) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective December 2008), that due to the complexity of the case the interests of justice outweighs the best interests of the public and the defendants for a trial within seventy days of the return of an indictment to allow the parties additional time for review of the case, review of evidence, consideration of alternatives concerning how best to proceed with this matter, and preparation of motions.

Accordingly, it is hereby ordered that the Clerk of this Court enter excludable time for the period of June 9, 2010 through September 7, 2010, that being the period between the Interim Status Conference and the next status conference.[1]

8. Based upon the prior orders of the court dated January 6, 2010, January 22, 1010, February 8, 2010, April 9, 2010 and the order entered contemporaneously herewith, at the time of the Interim Status Conference on September 7, 2010 there will be zero (0) days of non-excludable time under the Speedy Trial Act and seventy (70) days will remain under the Speedy Trial Act in which this case must be tried.

9. **An Interim Status Conference has been scheduled for September 7, 2010 at 12:00 p.m.  Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 116.5(A)(1) through (7) before the close of business no less than THREE business days prior to that Status Conference**.  **In addition, the parties shall include in the Joint Memorandum not only the periods of excludable time that are applicable, but also the amount of time remaining under the Speedy Trial Act**

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).

**before trial must commence,          as well as the total amount of time which has been excluded.**

/ s / Judith Gail Dein
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE